**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-5066**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

      versus

RUSSELL RICHARD ROBINSON, JR.,

                                  Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-03-1139)

─────────────

Submitted:  November 21, 2005      Decided:  December 27, 2005

─────────────

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Columbia, South Carolina; Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Russell Richard Robinson, Jr., pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced him as a career offender to a 186-month term of imprisonment. Robinson appeals his sentence, asserting that it violates the Sixth Amendment. We affirm.

Citing United States v. Booker, 125 S. Ct. 738 (2005), Robinson asserts that his career offender sentence pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2003), violates his Sixth Amendment rights because the prior convictions were not admitted by him or submitted to a jury. Because Robinson did not raise this issue in the district court, our review is for plain error. See United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). Robinson's argument is foreclosed by our decision in United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005) (holding that application of career offender enhancement falls within exception for prior convictions where facts were undisputed, making it unnecessary to engage in further fact finding about prior conviction). Thus, there is no Sixth Amendment error in this case.[*]

---

[*]The Government argues that Robinson's plea agreement bars him from appealing this issue. In the agreement, Robinson waived the right to have facts that determined his offense level presented to a grand jury, alleged in an indictment, and found by a jury beyond a reasonable doubt, agreed that such facts would be found by the

Accordingly, we affirm Robinson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

court using a preponderance of the evidence standard, and waived all constitutional challenges to the validity of the Sentencing Guidelines. Because we find no Sixth Amendment error, we need not reach the issue of waiver.